# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

DANNY D. HOPPER, )
 )
          Plaintiff, )
 )
vs. )
 )
EDDIE WYANT, TRACI CAIN, ) Case No. 11-CV-545-TCK-FMH
CHRISTY WRIGHT, SUSA HOPPER, )
JAMES HANKINS, COYLE LAW )
FIRM, CIMARRON CORRECTIONAL )
FACILITY, DON POPE & )
ASSOCIATES, TERRELL CROSSON, )
CAROLINE WEAVER, and STEVEN )
VENTURI, )
 )
          Defendants. )

## OPINION AND ORDER

Before the Court are Plaintiff's Motion for Court Order (Doc. 7); Cimarron Correctional Facility's Motion to Dismiss (Doc. 15); James Hankins and Coyle Law Firm's Motion to Dismiss Based on Statute of Limitations or in the Alternative for a More Definite Statement (Docs. 16 and 22); Steven Venturi's Motion to Dismiss (Doc. 20); Don Pope & Associates' Motion for Summary Judgment (Doc. 25); Terrell Crosson and Eddie Wyant's Motion to Dismiss (Doc. 33); Caroline Weaver's Motion to Dismiss (Doc. 39); Plaintiff's Motion to Amend Complaint Additional Defendants (Doc. 57); Susa Hopper and Christy Wright's Motion to Dismiss (Doc. 65); Plaintiff's Motion to Supplement Amended Motion to Add Defendants (Doc. 72); Plaintiff's Motion to Supplement (Doc. 74); Plaintiff's Motion for Time Extension to Appeal Order Document #76 and Reconsideration by the Court (Doc. 77); Plaintiff's Motion to Add Defendants (Doc. 78); Traci Cain's Motion to Dismiss (Doc. 80); Plaintiff's Motion to Strike Motion to Dismiss on Behalf of Defendant Traci Cain (Doc. 81); and Plaintiff's Motion for Court Appointed Investigator (Doc. 82).

## I. Background

Plaintiff Danny Hopper,[1] a former state prisoner, has brought suit against Defendants Eddie Wyant ("Wyant"), Traci Cain ("Cain"), Christy Wright ("Wright"), Susa Hopper ("Hopper"), James Hankins ("Hankins"), Coyle Law Firm ("Law Firm"), Cimarron Correctional Facility ("Cimarron"), Don Pope & Associates ("Don Pope"), Terrell Crosson ("Crosson"), Caroline Weaver ("Weaver"), and Steven Venturi ("Venturi") pursuant to 42 U.S.C. § 1983 ("Section 1983").

Specifically, Plaintiff alleges the following claims: (1) due process violations (against Wyant, Cain, Crosson, and Weaver); (2) false inducement of a plea of guilt (against Cain); (3) breach of plea agreement (against Cain); (4) fraud (against Crosson, Hopper, and Weaver); (5) conspiracy (against Crosson and Hopper); (6) malicious prosecution (against Crosson); (7) ineffective assistance of counsel (against Wright, Hopper, Law Firm, Hankins, and Venturi); (8) failing to provide meaningful legal assistance to an inmate (against Don Pope and Cimarron); (9) denial of educational programs (against Cimarron); and (10) harassment by staff with false misconduct write ups (against Cimarron).

## II. Plaintiff's Miscellaneous Motions

### A. Motion for Court Order (Doc. 7)

Plaintiff seeks a Court order "to the Federal Marshall's office to serve summons on above complaint to the eleven defendants." (Mot. for Court Order 1.) Because the United States' Marshal's Office subsequently served summons on Defendants, the Court denies this request as moot.

---

[1] Plaintiff is appearing pro se.

**B. Motion to Amend Complaint Additional Defendants (Doc. 57); Motion to Supplement Amended Motion to Add Defendants (Doc. 72); and Motion to Add Defendants (Doc. 78)**

Plaintiff seeks to amend his Complaint to add three defendants – namely, Judge Robert G. Haney ("Judge Haney"), Judge Alicia Littlefield ("Judge Littlefield"), and John Doe. According to Plaintiff, John Doe represents the "Don Pop[e] associate who denied [P]laintiff legal assistance in prison, who is responsible for some of the delay in plaintiff filing his pleadings to correct sentence." (Mot. to Supp. Am. Mot. to Add Defs. 2.)

Federal Rule of Civil Procedure 15(a)(2) ("Rule 15"), which governs the motion to amend, provides that a court should "freely give leave when justice so requires." Courts generally deny leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety*, *City, and Cnty. of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005) (quotation omitted). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ." *E.SPIRE Commc'ns, Inc. v. N.M. Pub. Reg. Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004). Thus, a court may generally deny leave to amend where the proposed amendments fail to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim . . . ."); *see also supra* Section III.A (outlining Rule 12(b)(6) standard).

The Court denies Plaintiff's request to amend his Complaint on the basis of futility. Specifically, with regard to Judge Haney and Judge Littlefield, the Court finds that any claims

3

against them would be barred by the statute of limitations, as Judge Haney and Judge Littlefield presided over Plaintiff's case in 2004 and 2005. *See infra* Section III.B. Similarly, any claim against a Don Pope associate would also fail to state a claim because it would fall outside the limitations period. *See infra* Section IV. The Court therefore denies Plaintiff's Motion to Amend Complaint Additional Defendants (Doc. 57), Plaintiff's Motion to Supplement Amended Motion to Add Defendants (Doc. 72), and Plaintiff's Motion to Add Defendants (Doc. 78).

### C. Motion to Supplement (Doc. 74)

Plaintiff moves the Court to supplement his joint response to the dispositive motions filed by Defendants prior to January 1, 2012, which is entitled "Reply to Motion to Dismiss All Defendants as of January 1, 2012" ("joint response brief"). (*See* Doc. 55.) For good cause, the Court grants Plaintiff's Motion to Supplement (Doc. 74) and incorporates the additional information and arguments provided therein into Plaintiff's joint response brief.

### D. Motion for Time Extension to Appeal Order Document #76 and Reconsideration by the Court

Plaintiff requests "a time extension to file Motion for intent to appeal order by Judge Terence C. Kern, document #76, entered on February 29, 2012." (Mot. for Time Extension 1.) Plaintiff fails to provide any authority or argument in support of this request, and it is therefore denied. Plaintiff also seeks reconsideration of this Court's February 29, 2012 Order. Again, Plaintiff provides no new information or argument supporting this request, and it is accordingly denied.

E. **Plaintiff's Motion to Strike Motion to Dismiss on Behalf of Defendant Traci Cain (Doc. 81); and Plaintiff's Motion for Court Appointed Investigator (Doc. 82)**

Plaintiff moves the Court to strike Cain's Motion to Dismiss because she "has not returned the waiver form sent to her to be entered onto the record as proper service of suit and complaint." (Mot. to Strike 1.) Plaintiff also moves the Court to appoint an "investigator" to locate Cain. The Court denies both motions. Although the docket sheet does not reflect an executed summons on behalf of Cain, attorney John D. Hadden entered an appearance on Cain's behalf on April 13, 2012, the same day that her motion to dismiss was filed. An investigator is therefore unnecessary. Further, while the record reflects a return receipt signed by Cain on Mach 26, 2012 (*see* Attachment #1 to Mot. for Court Appointed Investigator (showing signature for Traci Cain on March 26, 2012 in relation to delivery)), and Plaintiff contends this return receipt was in relation to his request for waiver pursuant to Federal Rule of Civil Procedure 4(d)(1), Plaintiff has not demonstrated that his request for waiver met the requirements outlined therein so that Cain be required to pay expenses as set forth in Rule 4(d)(2). *See* Federal Rule of Civil Procedure 4(d)(1) (providing that plaintiff may request waiver of service from defendant and outlining requirements for such waiver), 4(d)(2) (stating that court must impose expenses on defendant that fails to sign and return waiver requested by plaintiff).

III. **Defendants' Motions to Dismiss**

Defendants Hankins, Law Firm, Venturi, Wyant, Crosson, Weaver, Hopper, Wright, Cain, and Cimarron all move to dismiss the claims filed against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

A.     **Relevant Standard**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ] [his] claims across the line from conceivable to plausible.'" *Schneider*, 493 F.3d at 1177 (quoting *Twombly*, 127 S. Ct. at 1974). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Schneider*, 493 F.3d at 1177.

B.     **Hankins and Law Firm's Motion to Dismiss or in the Alternative for a More Definite Statement (Doc. 16); Venturi's Motion to Dismiss (Doc. 20); Wyant and Crosson's Motion to Dismiss (Doc. 33); Weaver's Motion to Dismiss (Doc. 39); Hopper and Wright's Motion to Dismiss (Doc. 65); and Cain's Motion to Dismiss (Doc. 80)**

Defendants Hankins, Law Firm, Venturi, Wyant, Crosson, Weaver, Hopper, Wright, and Cain all move to dismiss Plaintiff's claims against them on the basis that such claims fall outside the relevant statute of limitations.[2] Because Congress did not enact a statute of limitations that applies to Section 1983 claims, the applicable statute of limitations is supplied by the state statute of limitations for general personal injury claims. *See Smith v. Gonzalez*, 222 F.3d 1220, 1222 (10th

---

[2] Some of these Defendants move for dismissal on other grounds as well. However, because the Court finds the statute of limitations argument to be dispositive as to Plaintiff's claims against these Defendants, the Court need not address such arguments.

6

Cir. 2000). In this case, Oklahoma law provides a two-year statute of limitations for "[a]n action for . . . injury to the rights of others, not arising on contract." Okla. Stat. tit. 12, § 95(3).

In response to these Defendants' motions to dismiss, Plaintiff does not argue that his claims, filed on August 31, 2011, were timely filed within the limitations period. Plaintiff instead argues that the statute of limitations should be equitably tolled. "Oklahoma permits the tolling of a statute of limitations in two circumstances." *Alexander v. Okla.*, 382 F.3d 1206, 1217 (10th Cir. 2004) (additionally explaining that because "Congress did not establish a statute of limitations or a body of tolling rules applicable to [Section 1983] actions[,] . . . state law governs the application of tolling in a civil rights action"). First, tolling is appropriate where there is some "legal disability." *Id.* "Although the exact definition of this term remains unclear, Oklahoma courts have applied this provision only for plaintiffs whose competency is impaired or who have not reached the age of majority." *Id.* (internal citations omitted). Second, "the Oklahoma discovery rules tolls the statute of limitations until an injured party knows of, or *in the exercise of reasonable diligence*, should have known of or discovered the injury, and resulting cause of action." *Id.* (internal citations omitted). "Therefore, if [Defendants] engage[d] in 'false, fraudulent or misleading conduct' calculated to lull [Plaintiff] into sitting on [his] rights, the limitations period may not be triggered." *Id.* (citing *Jarvis v. City of Stillwater*, 732 P.2d 470, 473 (Okla. 1987)).

In making his equitable tolling argument, Plaintiff provides a section within his joint response brief entitled "Statute of Limitations, Argument and Authority for Equitable Tolling Fraudulent Concealment of Facts" ("general equitable tolling argument"), which is not made in response to a specific dispositive motion, but instead appears to apply to all Defendants seeking dismissal of claims based on the statute of limitations. Therein, Plaintiff claims the existence of

7

"fraudulent procedures, fraudulent concealment of the procedures, and fraudulent records to conceal the government fraud." (Pl.'s Reply to Mot. to Dismiss All Defs. 28.) Plaintiff specifically alleges the following "frauds" in support of his equitable tolling argument: (1) "fraud at plea negotiation," wherein Judge Haney allowed a procedure of waiving jury trial before entering a plea of guilt; (2) "fraud at plea of guilty hearing," wherein Plaintiff did not state in his own words what made him guilty of the charges but instead answered questions about the charges from his counsel; (3) Judge Haney's acceptance of Plaintiff's plea of guilt and subsequent imposition of a sentence that was different from that in the plea agreement; (4) use of a "Notice of Right to Appeal" during a revocation hearing held on October 3, 2005 by Judge Littlefield, which was done to "cover the error of [Plaintiff's] incorrect sentence," (*id.* 32); (5) Crosson's cross-examination of Plaintiff at said revocation hearing; (6) an entry on the docket sheet that was made "to mislead the Criminal Court of Appeals," (*id.* 34); (7) the fact that two attorneys declined appointment to Plaintiff's case; (8) failure of an unnamed attorney to advise Plaintiff to "acquire the court docket sheet to see what records were on file" when attorney instead advised Plaintiff that his appeal was "frivolous," (*id.* 35-36); (9) fraud in Judge Littlefield's order denying Plaintiff's Application of Order Nunc Pro Tunc; (10) failure of Judge Haney to alter Plaintiff's sentence and/or recuse himself from Plaintiff's case in response to Plaintiff's multiple letters; and (11) failure of the Oklahoma Criminal Court of Appeals to grant various motions filed by Plaintiff. In addition, Plaintiff makes a few Defendant-specific arguments in response to those Defendants' statute of limitations arguments, which are outlined below.

### 1. Defendants Hankins and Law Firm

Plaintiff's Complaint makes the following allegations against Hankins and Law Firm:[3]

> Defendant #7: Coyle Law Firm
> Count #1: Failed to Supervise Attorney James Hankins in Appellant Process.
>
> 1) James Hankins was an associate attorney for Coyle Law Firm when appointed by [Oklahoma Indigent Defender System ("O.I.D.S.")] for appeal of revoked suspended sentence, Case # RE-2005-974, in Court of Criminal Appeals State of Oklahoma. Coyle law firm is responsible for their attorneys ineffectiveness by reviewing cases to make sure all appeal issues were properly handled. [Plaintiff] had written James Hankins at Coyle law firm and disclosed that he has been railroaded into prison. Allegations as these should gain attention of supervisor. Attorneys should be trained to report to supervisor allegations of misconduct by the state, and then acted upon. The improper procedure contained in Defendant #5, count #1,[4] at revocation were not advocated for clients cause.
>
> Defendant #8: James Hankins
> Count 1: Ineffective assistance of Counsel
> Supporting facts:
>
> 1) James Hankins was appointed by O.I.D.S. to appeal all issues contained in [Plaintiff's] revoked suspended sentence. The Part B default procedure (as stated in Defendant #5, count #1),[5] was contained in transcripts of revocation hearing. The part B sentencing document and transcripts were sent to James Hankins at Coyle Law firm for purpose of perfecting appeal of revoked sentence. James Hankins was ineffective in perfectly clients cause, by disclosing the obvious faulty and malicious Part B. procedure.

(Compl. 14-15 (footnotes added).)

As argued by Hankins and Law Firm, Plaintiff identifies case number RE-2005-974 as the event wherein Hankins and Law Firm allegedly violated his rights. As reflected in the docket sheet

---

[3] Unless otherwise noted, the Court has reproduced the allegations of Plaintiff's Complaint verbatim and has not corrected any typos contained therein.

[4] *See infra* Section III.B.5 for recitation of the allegations contained in "Defendant #5, count #1."

[5] *See infra* Section III.B.5 for recitation of the allegations contained in "Defendant #5, count #1."

for RE-2005-974, the case was concluded on October 23, 2006 when the Oklahoma Court of Criminal Appeals denied Plaintiff's appeal. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006) (noting that a court may take judicial notice of "facts which are a matter of public record" without converting a 12(b)(6) motion into a summary judgment motion); *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) ("[A] court may look to matters of public record in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment. And a court ordinarily may treat documents from prior state court adjudications as public records."). Because Plaintiff filed the instant suit on August 31, 2011 – more than two years after the conclusion of RE-2005-974 – Hankins and Law Firm argue that any claims against them are barred by the applicable two-year statute of limitations.

In response, as outlined above, Plaintiff points to certain alleged frauds as outlined in his general equitable tolling argument. Plaintiff also provides the following specific response to Hankins and Law Firm's statute of limitations argument:

> Hankins employer Coyle Law firm is responsible to train and supervise their associate employee's and that the obvious fraudulent concealment contained in the court file that this law firm received had to be noticed and plaintiff would assert a policy of such firm for associates to consult supervisor when such extreme frauds are present. Plaintiff would further need to question defendants and see a written policy, to present to a jury on this matter, to further establish deliberate indifference, or conspiracy. Given the fact that Two other O.I.D.S. appointed attorneys refused to get involved in the concealment of fraud or advocate plaintiffs cause for fear of reprisal by the state, plaintiff asserts that it's more than probable that a Judge or Judges at Delaware County were more than a little bit interested in concealing their acts of fraud, and communicated this with this law firm and appellate counsel. Again plaintiff asserts that as stated with previously defendants that the same be applied to these defendants and allow a jury to decide.
> . . .

(Pl.'s Reply to Mot. to Dismiss All Defs. 7.)

The Court finds that equitable tolling is not appropriate in this case. First, Plaintiff has never claimed that he is incompetent or subject to a "legal disability" which prevented him from timely asserting his rights. *Alexander*, 382 F.3d at 1217. Second, the Court finds that Plaintiff's general equitable tolling argument does not present circumstances justifying equitable tolling. Specifically, Plaintiff has not sufficiently demonstrated that the various "frauds" alleged therein are truly representative of fraudulent conduct. Rather, it appears as though Plaintiff is alleging "fraud" for every ruling or event that occurred during his criminal justice experience. There is no indication of any sort of concealment or cover-up designed to prevent Plaintiff from exercising his rights. Nor does Plaintiff sufficiently explain how the alleged "frauds" prevented him from timely litigating his Section 1983 claims. *See Watkins v. Craft*, No. 11-7019, 2012 WL 11238, at *2 (10th Cir. Jan. 4, 2012) (finding plaintiff failed to provide sufficient specificity about why he was prevented from litigating his Section 1983 claim); *Barnett v. Corr. Corp. of Am.*, No. 1-7052, 2011 WL 5822283, at *2 (10th Cir. Nov. 18, 2011) (finding equitable tolling unwarranted under Oklahoma law when plaintiff did not "explai[n] why he failed to discover the injury earlier or "provide any reason why the court should find that he exercised reasonable diligence in spite of this failure"). Absent such a showing, the Court finds Plaintiff's enumerated "frauds" insufficient to justify equitable tolling. Finally, the Court also rejects Plaintiff's additional equitable estoppel argument made in response to Hankins and Law Firm's motion to dismiss. The allegations contained therein are entirely speculative, as Plaintiff is merely surmising about the possibility of fraudulent conduct and again fails to allege any facts suggesting a cover up designed at preventing him from exercising his rights. The Court therefore finds that Plaintiff's claims against Hankins and Law Firm are barred by the statute of limitations and grants Hankins and Law Firm's motion to dismiss on such a basis.

### 2.  Defendant Venturi

Plaintiff brings a claim of ineffective assistance of counsel against Venturi associated with Venturi's representation of Plaintiff in case number CM-03-480, CF-03-339, CF-04-09, and CF-0487. These allegations involve events that took place during 2004, (*see* Compl. 18-22), and Venturi therefore moves to dismiss Plaintiff's claim as outside the two-year statute of limitations. In response to Venturi's statute of limitations argument, Plaintiff merely refers to his general equitable tolling argument. (Pl.'s Reply to Mot. to Dismiss All Defs. 5.) As addressed above, *see supra* Section III.B.1, however, the Court finds equitable tolling is not justified based on the alleged "frauds" outlined therein. As such, Venturi's motion to dismiss Plaintiff's claim is granted.

### 3.  Defendants Wyant and Crosson

Plaintiff alleges the following claims against Defendants Wyant and Crosson:

Defendant #1: Eddie Wyant
Count 1: Supervised Malicious Prosecution by Traci Cain and Terrell Crosson
Supporting Facts:

1) Eddie Wyant was District Attorney of Delaware County as stated on Information pages on state of Oklahoma v. Danny Hopper case nos. CM-03-480, CF-03-339, CF-04-87. And is responsible for the supervision and integrity of his office and assistants.

. . .

Defendant #3: Terrell Crosson
Count #1: Malicious Procecution
Supporting Facts:

1) State filed motion to revoke suspended sentence. Crosson questioned Hopper in open court about sentence pronounced by Robert G. Haney. Hopper replied that the original sentence agreed upon was for 90 days. Crosson had reviewed agreement and conspired with O.I.D.S. attorney and Judge Alicia Littlefield, to induce Hopper to sign a Part B. sentencing document by defense attorney misrepresenting what Hopper was actually signing. Part B. reflected different sentence than plea agreement and did not reflect suspended sentence to be revoked. the procedure is

12

> default because it was intended to be performed prior to sentencing on September 04, 2004. Revocation hearing was performed on October 3, 2005. Part B. was performed during recess of revocation hearing, after Judge Littlefield revoked incorrect suspended sentence. Hopper was sentenced without proper documentation on September 04, 2004, rendering sentence illegal and wrongful with malicious intent.

(Compl. 10, 12-13.) As demonstrated in these allegations, the actions that Plaintiff complains of with regard to Wyant and Crosson occurred between 2003 and 2005. Because Plaintiff did not file suit until 2011, Wyant and Crosson move for dismissal of Plaintiff's claims because they were filed outside the statute of limitations. In response, Plaintiff cites to his general equitable tolling argument. (*See* Reply to Mot. to Dismiss All Defs. 17.) For the reasons outlined above, *see supra* Section III.B.1, the Court declines to equitably toll the two-year statute of limitations based on the various frauds alleged by Defendant. The Court therefore grants Wyant and Crosson's motion to dismiss because the claims against them were untimely filed.

### 4. Weaver's Motion to Dismiss (Doc. 39)

Plaintiff makes the following claim against Weaver:

> Defendant #6: Caroline Weaver Court Clerk
> Count #1: Fraudulent Entry on Court Docket
> Supporting Facts:
>
> 1) Caroline Weaver, Court Clerk of Delaware County recorded a Part B instrument, on court docket, of being performed prior to hearing on Motion to revoke suspended sentence. Which served the purpose to mislead the appellant process of procedural default, as Part B was done after Judge revoked suspended sentence and should have been entered as after the revocation hearing, which would have been a red flag to court of appeals.

(Compl. 14.) Weaver moves to dismiss this claim, arguing that the actions complained of occurred more than two years before Plaintiff filed suit. In response, Plaintiff refers to his general equitable tolling argument, which the Court has rejected above. *See supra* Section III.B.1. Although no

13

specific dates are listed in the Complaint, the Court agrees with Weaver that the actions complained of therein occurred outside the limitations period. Specifically, as reflected in the docket sheet of Plaintiff's underlying criminal matter, the "Part B: Summary of Facts" was entered on the court docket on October 3, 2005. *See Tal*, 453 F.3d at 1264 n. 24 (noting that a court may take judicial notice of "facts which are a matter of public record" without converting a 12(b)(6) motion into a summary judgment motion); *Boateng*, 210 F.3d at 60 ("[A] court may look to matters of public record in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment. And a court ordinarily may treat documents from prior state court adjudications as public records."). Because Plaintiff filed suit more than two years after said date and because Plaintiff has not demonstrated circumstances justifying the equitable tolling of such time period, the Court grants Weaver's motion to dismiss.

### 5. Defendants Hopper and Wright

Plaintiff alleges the following against Defendants Hopper and Wright:

> Defendant #4: Christy Wright & Wright and Wright Law Firm
> Count #1: Ineffective Assistance of Counsel
> Supporting Facts:
>
> 1) Christy Wright was appointed O.I.D.S as defense counsel and accepted appointment on September 26, 2005 for cases CM-03-380, CF-03-339, CF-04-09, and CF-04-87, motion to revoke suspended sentence. Christy Wright did not withdraw as counsel and refused to advocate her clients cause. Susa Hopper (no relation) represented Hopper and assisted the state in malicious prosecution. Christy Wright failed to supervise her Employee, as did Wright & Wright Law firm.
>
> . . .
>
> Defendant #5: Susa Hopper
> Count #1: Ineffective assistance of Counsel, Conspiracy, Fraud, and Malpractice
> Supporting Facts:

> 1) On October 03, 2005, Susa Hopper obtained Hoppers signature on a Part B. sentencing document by fraud and misrepresenting what Hopper was signing. This document misrepresented the Plea agreement, and performed on September 01, 2004. Susa Hopper removed the 3rd page of a 4 page instrument, which was signature page. Heading of page 3 states, NOTICE OF RIGHT TO APPEAL. Signature was acquired after suspended sentence was revoked, during recess of revocation hearing (according to transcripts) by defense counsel representing to Hopper that he was signing a motion of INTENT TO APPEAL The states revocation of a suspended sentence. This document changed Hoppers sentence of 26 days in county jail to 7 years in state prison. Procedure is default, fraud and malicious. The procedure Could have only been done by conspiracy of state, defense counsel and judge knowingly and maliciously.

(Compl. 13-14.) Because Plaintiff's claims against Wright and Hopper concern events taking place in 2005, Wright and Hopper argue such claims were filed outside the two-year statute of limitations and should be dismissed. Plaintiff filed a separate response brief to Wright and Hopper's motion to dismiss (*see* Doc. 71), wherein he incorporates his general equitable tolling argument and further asserts that: (1) Defendants Wright and Hopper fraudulently concealed their actions; and (2) he was denied access to the transcripts of relevant proceedings. Again, the Court fails to find such circumstances justify equitable tolling of the statute of limitations. First, the Court rejects Plaintiff's general equitable tolling argument as a basis to toll the limitations period in this case. *See supra* Section III.B.1. Further, in Plaintiff's specific response to Wright and Hopper, he fails to provide any factual support for his conclusory assertion of "fraudulent concealment." Nor does Plaintiff explain how the transcripts of the proceeding would have alerted him to the facts giving rise to his Section 1983 claim. Rather, Plaintiff's allegations suggest that he should have been aware of such facts at the time he was sentenced, as Plaintiff essentially claims that Hopper's wrongful acts resulted in the imposition of a longer-than-necessary sentence. The Court therefore grants Wright and Hopper's motion to dismiss because the claims asserted against them were filed outside the statute of limitations.

### 6. Defendant Cain

Plaintiff alleges two Section 1983 claims against Cain: (1) false inducement of a plea of guilt; and (2) breach of plea agreement. In support of Plaintiff's claim for false inducement of plea of guilt, Plaintiff contends that the "August 4, 2004 Court docket sheet reflects that a procedure of waiving jury trial prior to entering a plea of guilt was performed in open court." (Compl. 10.) In support of the breach of plea agreement claim, Plaintiff alleges he entered a plea of guilty on September 1, 2004, and that the plea agreement form was written in "confusing language." (*Id.* 11.)

Cain argues that any claims against her based on Plaintiff's allegations are barred by the statute of limitations, as they involve events occurring in 2004. Plaintiff failed to respond to the statute of limitations argument, and instead filed a motion to strike Cain's motion to dismiss. *See supra* Section II.E. Because the Court declines to equitably toll the limitations period, *see supra* Section III.B.1., the Court finds Cain's position well-founded and grants her motion to dismiss on the basis that the claims against her were untimely filed.

### C. Cimarron's Motion to Dismiss (Doc. 15)

Defendant Cimarron, a correctional facility located Cushing, Oklahoma, moves to dismiss all claims against it pursuant to Rule 12(b)(6),[6] arguing that it is not a proper party litigant because it is not a "person, corporation, partnership, or unincorporated association [that has] capacity to . .

---

[6] Cimarron also cites Federal Rule of Civil Procedure 12(b)(1) as a basis for its motion, but the Court finds that Rule 12(b)(6) is the proper legal basis for Cimarron's argument that it is not capable of being sued. *See Timberman v. Ariz. Dept. of Corrections*, No. CV 12-0092-PHX-RCB (DKD), 2012 WL 909653, at *3 (D. Ariz. March 16, 2012) (dismissing correctional facility for failure to state a claim because facility was not capable of being sued); *Oliver v. Garfield Cnty. Detention Facility*, No. CIV-10-1281-R, 2012 WL 668802, at *3 (W.D. Okla. Feb. 8, 2012) (dismissing jail for failure to state a claim because jail lacked capacity to be sued).

. be sued in [Oklahoma]." 12 Okla. Stat. § 2017(B); Fed. R. Civ. P. 17(b) (stating that capacity of entity to be sued – when entity is not an individual or corporation – is determined by law of state where court is located).

Although the Court was unable to locate any Oklahoma state cases addressing whether a jail or correctional facility has the capacity to be sued pursuant to Oklahoma law, the majority of courts touching upon this issue have found that such an entity is not a proper party to suit. *See, e.g., White v. Utah,* No. 00-4109, 2001 WL 201980, at *1 (10th Cir. March 1, 2001) (holding district court properly dismissed plaintiff's suit against jail because jail was not capable of being sued); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n. 3 (10th Cir. June 21, 2000) ("Mr. Aston named the Salt Lake County jail as a defendant. Dismissal against this entity was also required because a detention facility is not a person or legally created entity capable of being sued."); *Timberman*, 2012 WL 909653, at *3 (finding correctional facility was not a proper defendant because 42 U.S.C. 1983 " imposes liability on any 'person' who violates an individual's federal rights while acting under color of state law [and the correctional facility was] a building or collection of buildings, not a person or legally created entity capable of being sued"); *Oliver*, 2012 WL 668802, at *3 ("Because a county jail in Oklahoma is a subdivision of the county in which it is located and has no separate legal identify under Oklahoma law, Defendant [l]acks the capacity to be sued."); *Pemberton v. Jones*, No. CIV-10-966-D, 2011 WL 1595158, at *5 (W.D. Okla. Jan. 24, 2011) ("All claims against the two detention facilities named as defendants in this action should also be dismissed with prejudice [because the facilities] are merely the names of detention facilities [and] lack a separate legal identity from the state and are not subject to suit."); *Skinner v. Cherokee Cnty. Detention Center*, No. CIV 07-106-JHP-SPS, 2009 WL 1858230, at *1 (E.D. Okla. June 26, 2009)

(noting that "[w]hile the Oklahoma courts have not addressed in a published opinion the issue of whether a jail or prison has capacity to be sued, other jurisdictions have concluded that a county or local jail lacks capacity") (granting detention center's motion to dismiss on such a basis). Based on such cases, and absent any contrary authority from Plaintiff, the Court finds Cimarron's motion to dismiss well-founded.

IV.     **Don Pope's Motion for Summary Judgment (Doc. 25)**

Plaintiff alleges one claim of "failure to provide meaningful assistance" against Don Pope, alleging that Don Pope "refused to assist [Plaintiff]" in filing a "motion nunc-pro-tunc to correct sentence" and only assisted Plaintiff in "withdrawing his plea of guilt." (Compl. 16.) Don Pope moves for summary judgment as to such claim, arguing that: (1) Plaintiff has failed to file his suit within the statute of limitations; and (2) Plaintiff fails to present a genuine issue of material fact.

   A.     **Undisputed Facts**

Don Pope sets forth the following facts, which are undisputed by Plaintiff. Don Pope is a professional corporation that provides legal assistance to inmates at Cimarron. One of Don Pope's attorneys met with Plaintiff on April 14, 2006 and February 7, 2008 in response to Plaintiff's requests for legal assistance.

   B.     **Summary Judgment Standard**

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id*. However, the party seeking

18

to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party seeking to overcome a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

### C. Statute of Limitations Argument

As outlined above, the limitations period for Plaintiff's Section 1983 claim against Don Pope is two years. *See supra* Section III.B. In response to Don Pope's argument that Plaintiff claim was untimely, Plaintiff refers to his general equitable tolling argument, which has previously been rejected by the Court. *See supra* Section III.B.1. Because the undisputed facts indicate that Plaintiff met with an attorney from Don Pope on April 14, 2006 and February 7, 2008, and because Plaintiff did not file his Section 1983 claim against Don Pope until August 31, 2011, the Court finds that Plaintiff's claim is untimely and summary judgment should be entered in favor of Don Pope.

## V. Conclusion

For the reasons outlined herein, the Court makes the following rulings:

(1) The Court DENIES Plaintiff's Plaintiff's Motion for Court Order (Doc. 7); Plaintiff's Motion to Amend Complaint Additional Defendants (Doc. 57); Plaintiff's Motion to Supplement Amended Motion to Add Defendants (Doc. 72); Plaintiff's Motion for Time Extension to Appeal Order Document #76 and Reconsideration by the Court (Doc. 77); Plaintiff's Motion to Add Defendants (Doc. 78); Plaintiff's Motion to Strike Motion to Dismiss on Behalf of Defendant Traci Cain (Doc. 81); Plaintiff's

(1) Motion for Court Appointed Investigator (Doc. 82); and James Hankins and Coyle Law Firm's Motion for More Definite Statement (Doc. 22).

(2) The Court GRANTS Plaintiff's Motion to Supplement (Doc. 74).

(3) The Court GRANTS Cimarron Correctional Facility's Motion to Dismiss (Doc. 15); James Hankins and Coyle Law Firm's Motion to Dismiss Based on Statute of Limitations or in the Alternative for a More Definite Statement (Doc. 16); Steven Venturi's Motion to Dismiss (Doc. 20); Terrell Crosson and Eddie Wyant's Motion to Dismiss (Doc. 33); Caroline Weaver's Motion to Dismiss (Doc. 39); Susa Hopper and Christy Wright's Motion to Dismiss (Doc. 65); and Traci Cain's Motion to Dismiss (Doc. 80).

(4) The Court GRANTS Don Pope & Associates' Motion for Summary Judgment (Doc. 25).

Judgments in favor of Defendants will be entered forthwith.

**SO ORDERED this 24th day of May, 2012**.

*/s/ Terence C. Kern*

**TERENCE C. KERN**
**United States District Judge**